JOSEPH L. GOLDEN, ESQ. (S.B. No. 61293)
Email: jlgoldenesq@verizon.net
LAW OFFICE OF JOSEPH L. GOLDEN
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Telephone: 310-556-9666
Facsimile: 310-556-9625

Attorney for plaintiff Colwel Platinum Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLWEL PLATINUM ENTERTAINMENT, INC., a New York corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>ADAM LAMBERT, an individual,<br><br>        Defendant. | Case No. CV11-9062-PA (MANx)<br><br>NOTICE OF ENTRY OF STANDING ORDER |

To ADAM LAMBERT, c/o Donald S. Passman, Esq.:

   PLEASE TAKE NOTICE that the Court in the above captioned action entered its Standing Order on November 2, 2011. A copy of that Standing Order is

Notice of Standing Order                              1

1 | attached hereto.
2 |
3 | Dated: November 16, 2011     JOSEPH L. GOLDEN
4 |                              LAW OFFICE OF JOSEPH L. GOLDEN
5 |
6 |                              By: _____
7 |                                  Joseph L. Golden
8 |                                  Attorney for Plaintiff Colwel Platinum
                                     Entertainment, Inc.

STANDING ORDER ENTERED NOVEMBER 2, 2011

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLWEL PLATINUM ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADAM LAMBERT, an individual, <br><br> Defendants. | Case No. CV 11-9062 PA (MANx) <br><br> STANDING ORDER |

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge Percy Anderson. Both the Court and the attorneys bear responsibility for the progress of litigation in the Federal Courts. To secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

IT IS HEREBY ORDERED:

1. **Service of the Complaint:** The Plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1.

///

     2.     **Presence of Lead Counsel**: Lead trial counsel shall attend all proceedings before this Court, including all status and settlement conferences.

     3.     **Discovery:**

          (a)     All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not deliver courtesy copies of these documents to this Court.

     The decision of the Magistrate Judge shall be final, subject to modification by the District Court only where it has been shown that the Magistrate Judge's Order is clearly erroneous or contrary to law. Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

          (b)     Unless there is a likelihood that upon motion by a party the Court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference. At the very least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.

          (c)     If expert witnesses are to be called at trial, the parties shall designate experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not later than eight weeks prior to the discovery cutoff date. Rebuttal expert witnesses shall be designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than

1  five weeks prior to the discovery cutoff date. Failure to timely comply with this deadline
2  may result in the expert being excluded at trial as a witness.

3      4.    **Electronic Filing**:

4      As of November 1, 2007 for patent, trademark, and copyright cases, and January 1,
5  2008 for all other cases, the United States District Court for the Central District of California
6  requires electronic filing of documents in all new and pending civil cases. Information about
7  the Court's Electronic Case Filing system ("ECF") is available on the Court's website at
8  www.cacd.uscourts.gov/cmecf.

9      All manually filed documents (those documents excused from the electronic filing
10 requirements by General Order 08-02, Section V) shall be served on the person as otherwise
11 required by the Federal Rules of Civil Procedure or the Local Rules.

12     5.    **Courtesy Copies**:

13     Counsel are ordered to serve courtesy copies of all electronically filed documents,
14 and conformed courtesy copies of all manually filed documents, to the courtesy box next to
15 the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North
16 Spring Street, by 12:00 noon of the business day following filing. Courtesy copies may be
17 delivered to chambers by either personally delivering them to the courtesy box or sending
18 them by guaranteed overnight delivery. If a courtesy copy is sent to chambers by guaranteed
19 overnight delivery, the sender shall notify the delivery service that the signature of the
20 recipient is not required.

21     6.    **Motions**:

22     (a)    **Time for Filing and Hearing Motions:** Motions shall be filed in
23 accordance with Local Rule 7.[1/] This Court hears motions on **Mondays, commencing at**

---

[1/]    Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues sufficiently so that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other nonsubstantive matters during the conference.

-3-

revised 10/24/08

Case 2:11-cv-09062-PA-MAN   Document 5   Filed 11/02/11   Page 4 of 9   Page ID #:8

1 | **1:30 p.m. No supplemental brief shall be filed without prior leave of Court.** No motion shall be noticed for hearing for more than thirty-five (35) days after service of the motion unless otherwise ordered by the Court.

Many motions to dismiss or to strike could be avoided if the parties confer in good faith (as they are required to do under L.R. 7-3), especially for perceived defects in a complaint, answer or counterclaim which could be corrected by amendment. See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by *any* amendment). Moreover, a party has the right to amend his complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. See Nolen v. Fitzharris, 450 F.2d 958, 958-59 (9th Cir. 1971); St. Michael's Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir. 1981). And even where a party has amended his Complaint once or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." F.R.Civ.P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). These principles require that counsel for the plaintiff should carefully evaluate the defendant's contentions as to the deficiencies in the complaint and in many instances, the moving party should agree to any amendment that would cure a curable defect.

In the unlikely event that motions under Fed. R. Civ. P. 12 challenging pleadings are filed after the Rule 16 Scheduling Conference, the moving party shall attach a copy of the challenged pleading to the Memorandum of Points and Authorities in support of the motion. The foregoing provisions apply as well to motions to dismiss a counterclaim, answer or affirmative defense, which a plaintiff might file.

revised 10/24/08

      (b)    **Length and Format of Motion Papers: Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages.** Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.

      **Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is used, the size must be no less than 14; if Courier is used, the size must be no less than 12.** Footnotes shall be in typeface no more than one size smaller than text size and shall be used sparingly.

      Filings which do not conform to the Local Rules and this Order will not be considered.

      (c)    **Citations to Case Law:** Citations to case law **must** identify not only the case being cited, but the specific page being referenced. Certain kinds of authority are considered more useful – or authoritative – than others. If more than one authority is cited in support of a proposition, these supporting authorities are to be listed such that the more authoritative ones appear first.

      (d)    **Citations to Other Sources:** Counsel are reminded that the basic purpose of a legal citation is to allow the reader to locate a cited source accurately and efficiently. Accordingly, statutory references should identify, with specificity, which sections and subsections are being referenced (e.g., Jurisdiction over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters). Statutory references which do not indicate specifically which section and subsection are being referred to (e.g., Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511, <u>et seq</u>.) are to be **avoided**. Citations to treatises, manuals, and other materials should similarly include the volume and the section being referenced.

///

7. **Proposed Orders**: Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. The proposing party shall also submit a copy of the Proposed Order to the Court's ECF e-mail address, in WordPerfect format (X3 or earlier versions) or Microsoft Word (Word 2003 or earlier versions).

8. **Ex Parte Applications**: Counsel are reminded ex parte applications are solely for extraordinary relief. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995). Applications which fail to conform with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's position,** will not be considered. Any opposition must be filed not later than 24 hours after service. If counsel do not intend to oppose the ex parte application, counsel must inform the court clerk by telephone. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. Counsel shall deliver a courtesy copy of moving, opposition, or notice of non-opposition papers to the courtesy box outside the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North Spring Street. The Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

9. **Applications or Stipulations to Extend the Time to File any Required Document or to Continue any Pretrial or Trial Date**: No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them. Both applications and stipulations must be filed in advance of the date due and set forth:

(a) the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the pre-trial conference date and the trial date;

(b) specific, concrete reasons supporting good cause for granting the extension. In this regard, a statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations:

revised 10/24/08

1  (i.e., have written proposals been exchanged? Is counsel in the process of reviewing a draft
2  settlement agreement? Has a mediator been selected?);
3          (c)   whether there have been prior requests for extensions, and whether
4  these were granted or denied by the Court.
5      10.   **TROs and Injunctions**: Parties seeking emergency or provisional relief shall
6  comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court will not rule on any
7  application for such relief for at least 24 hours after the party subject to the requested order
8  has been served; such party may file opposing or responding papers in the interim. The
9  parties shall lodge a courtesy copy, conformed to reflect that it has been filed, of all papers
10 relating to TROs and injunctions. The courtesy copy shall be placed in the courtesy box
11 outside the entrance to chambers. All such papers shall be filed "loose" – i.e., not inside
12 envelopes.
13     11.   **Cases Removed From State Court**: All documents filed in state court,
14 including documents appended to the complaint, answers and motions, must be refiled in
15 this Court as a supplement to the Notice of Removal, if not already included. See 28 U.S.C.
16 § 1447(a)(b). If the defendant has not yet responded, the answer or responsive pleading
17 filed in this Court must comply with the Federal Rules of Civil Procedure and the
18 Local Rules of the Central District. If a motion was pending in state court before the case
19 was removed, it must be re-noticed in accordance with Local Rule 7.
20     12.   **ERISA Cases**: Absent an agreed upon statement of facts, the court will not
21 hear motions for summary judgment, but will hear motions to determine the standard of
22 review and the scope of the administrative record. See Kearney v. Standard Ins. Co., 175
23 F.3d 1084 (9th Cir. 1999). There will be a court trial (usually confined to oral argument) on
24 the administrative record.
25     13.   **Status of Fictitiously Named Defendants**: This Court intends to adhere to
26 the following procedures where a matter is removed to this Court on diversity grounds with
27 fictitiously named defendants referred to in the complaint. See 28 U.S.C. §§ 1441(a), 1447.
28          (a)   Plaintiff is normally expected to ascertain the identity of and serve

any fictiously named defendants within 120 days of the removal of the action to this Court.

   (b) If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120-day period, an <u>ex parte</u> application requesting permission to extend that period to effectuate service may be filed with this Court. Such application shall state the reasons therefor, and may be granted upon a showing of good cause. The <u>ex parte</u> application shall be served upon all appearing parties, and shall state that appearing parties may comment within seven (7) days of the filing of the <u>ex parte</u> application.

   (c) If plaintiff desires to substitute a named defendant for one of the fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the previously-identified defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff may apply <u>ex parte</u> requesting such amendment, with notice to all appearing parties. Each party shall have seven days to respond. The <u>ex parte</u> application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party. <u>See</u> 28 U.S.C. § 1447(c)(d).

  14. **<u>Bankruptcy Appeals</u>**: Counsel shall comply with the Notice Regarding Appeal from Bankruptcy Court issued at the time the appeal is filed in the District Court. The matter is considered submitted upon the filing of the appellant's reply brief. No oral argument is held unless otherwise ordered by this Court.

  15. **<u>Communications with Chambers</u>**: Counsel shall not attempt to contact the Court or its chambers staff by telephone or by any other <u>ex parte</u> means, although counsel may contact the Courtroom Deputy, at (213) 894-1795, with appropriate inquiries. To facilitate communication with the Courtroom Deputy, counsel should list their facsimile transmission numbers along with their telephone numbers on all papers.

revised 10/24/08

-8-

16.   <u>Notice of this Order</u>: Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by noticed removal, defendant shall serve this Order on all other parties.

IT IS SO ORDERED.

Dated: November 2, 2011

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

revised 10/24/08

-9-

Proof of Service

State of California      )
                         )
County of Los Angeles    )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1801 Century Park East, 24th Floor, Los Angeles, California 90067.

      On November 17, 2011, I served the foregoing document on the interested parties in this action by placing a true copy thereof in a sealed envelope, first class postage prepaid, addressed as follows, and thereafter depositing said envelope for collection by the U.S. Postal Service:

Adam Lambert
c/o Donald S. Passman, Esq.
Gang, Tyre, Ramer & Brown, Inc.
132 South Rodeo Drive
Beverly Hills, California 90212-2403

      I am employed by a member of the Bar of this Court, at whose direction the service was made.

      Executed on November 17, 2011, at Los Angeles, California.

_____
Anita Stephan