Kevin S. Marks, Esq., Cal. Bar No. 107408
E-Mail: ksm@gtrb.com
GANG, TYRE, RAMER & BROWN, INC.
132 S. Rodeo Drive
Beverly Hills, CA 90212
Tel: (310) 777-4800
Fax: (310) 777-4801

Attorney for Defendant
ADAM LAMBERT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLWEL PLATINUM ENTERTAINMENT, INC., a New York corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ADAM LAMBERT, an individual,<br><br>　　　　Defendant. | Case No. CV 11-9062 PA (MANx)<br><br>ADAM LAMBERT'S ANSWER TO COMPLAINT<br><br>-and-<br><br>DEMAND FOR TRIAL BY JURY |

Defendant Adam Lambert ("Defendant") hereby answers plaintiff Colwel Platinum Entertainment, Inc.'s Complaint as follows:

## JURISDICTION AND VENUE

1. Answering paragraph 1 of the Complaint, Defendant admits that plaintiff purports to assert claims under the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.*, and that plaintiff contends this Court has jurisdiction under 28 U.S.C. Sections 1332 and 1367. Defendant disputes subject matter jurisdiction in this Honorable Court and on that basis denies the materiality of each and every remaining allegation contained in the Complaint.

2. Answering paragraph 2 of the Complaint, Defendant admits he resides in this District. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 2, and on that basis denies each and every remaining allegation and characterization contained therein.

## THE PARTIES

3. Answering paragraph 3 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations and characterizations of said paragraph, and on that basis denies each and every allegation and characterization contained therein.

4. Answering paragraph 4 of the Complaint, Defendant admits he has been a resident of Los Angeles County. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of said paragraph, and on that basis denies each and every remaining allegation and characterization contained therein.

## FACTUAL BACKGROUND

5. Answering paragraph 5 of the Complaint, Defendant admits he is a singer and a recording artist, and admits that the eighth season of *American Idol* aired on national television during the first half of 2009. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 5, and on that basis denies each and every remaining allegation and characterization contained therein.

6. Answering paragraph 6 of the Complaint, Defendant admits that he appeared on the eighth season of *American Idol* and was declared the runner up of the competition. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 6, and on that basis denies each and every remaining allegation and characterization contained therein.

7. Answering paragraph 7 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations and characterizations of paragraph 7, and on that basis denies each and every allegation and characterization contained therein.

8. Answering paragraph 8 of the Complaint, Defendant denies his recorded performances were for the purpose of creating singles and/or an album containing sound recordings of those performances. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 8, and on that basis denies each and every remaining allegation and characterization contained therein.

9. Answering paragraph 9 of the Complaint, Defendant admits he executed the Music Services Agreement, but states that the Music

Services Agreement was subsequently amended, and further states that Defendant effectively and justifiably rescinded the Music Services Agreement based on a failure of consideration. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 9, and on that basis denies each and every remaining allegation and characterization contained therein.

10. Answering paragraph 10 of the Complaint, Defendant admits he executed the Co-Publishing Agreement, but states that the Co-Publishing Agreement was subsequently amended, and further states that Defendant effectively and justifiably rescinded the Co-Publishing Agreement based on, inter alia, a failure of consideration. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 10, and on that basis denies each and every remaining allegation and characterization contained therein.

11. Answering paragraph 11 of the Complaint, Defendant admits that plaintiff purports to affix a copy of the Music Services Agreement as Exhibit 1. Although Defendant made some recordings for "demo" purposes, Defendant denies he intended to perform compositions for release to the public. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 11, and on that basis denies each and every remaining allegation and characterization contained therein.

12. Answering paragraph 12 of the Complaint, Defendant denies the applicability of the provisions of the Music Services Agreement, and states that the Music Services Agreement was subsequently amended, and further states that Defendant effectively and

justifiably rescinded the Music Services Agreement based on, inter alia, a failure of consideration. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 12, and on that basis denies each and every remaining allegation and characterization contained therein.

13. Answering paragraph 13 of the Complaint, Defendant admits he performed the compositions *Beg for Mercy, Rough Trade, Crawl Through Fire, Want, Kiss and Tell, Just The Way It Is, Turning On, Runaway, Pope Goes the Camera (15 Seconds of Fame), Sacrifice, The Circle, MP3s Killed the Record Companies* and *I Got This,* but states that it was agreed that such performances were for the limited purpose of making "demo" recordings (to showcase compositions written or co-written by Defendant to the music industry and to potential employers), and not for the purpose of selling copies of the "demo" recordings to the general public. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 13, and on that basis denies each and every remaining allegation and characterization contained therein.

14. Answering paragraph 14 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations and characterizations of said paragraph, and on that basis denies each and every allegation and characterization contained therein.

15. Answering paragraph 15 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations and characterizations of said paragraph, and on that basis denies each and every allegation and characterization contained therein.

16. Answering paragraph 16 of the Complaint, Defendant denies the applicability of the provisions of the Co-Publishing

Agreement, and states that the Co-Publishing Agreement was subsequently amended, and further states that Defendant effectively and justifiably rescinded the Co-Publishing Agreement based on, inter alia, a failure of consideration. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 16, and on that basis denies each and every remaining allegation and characterization contained therein.

17. Answering paragraph 17 of the Complaint, Defendant denies he agreed with Welsford Music Productions that the amount he owed on a loan would be offset against what he was owed under the Music Services Agreement. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 17, and on that basis denies each and every remaining allegation and characterization contained therein.

18. Answering paragraph 18 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. Answering paragraph 19 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. Answering paragraph 20 of the Complaint, Defendant admits his attorneys communicated with Amazon.com pursuant to California Civil Code section 1689, but denies the characterization of the communication contained in said paragraph as sent pursuant to 17 U.S.C. 512(c), which is not referred to in the letter dated October 11, 2011.

21. Answering paragraph 21 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. Answering paragraph 22 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

### FIRST CLAIM FOR RELIEF
### (For Damages Under 17 U.S.C. Section 512(f) --
### Against Defendant)

23. Answering paragraph 23 of the Complaint, Defendant incorporates by reference his responses to paragraphs 1 through 22 as if set forth herein in full. Defendant specifically denies that 17 USC 512(f) governs the communications alleged and referred to in the Complaint.

24. Answering paragraph 24 of the Complaint, Defendant admits his attorneys communicated to Amazon.com pursuant to California Civil Code section 1689. The precise text of the communication is contained in the letter dated October 11, 2011 (Complaint, Exhibit 3). To the extent the paraphrasing of paragraph 24 differs from the text of said letter, Defendant denies.

25. Answering paragraph 25, Defendant admits that he requested, pursuant to California Civil Code section 1689, that Amazon.com remove all advertisements for the album entitled "Beg for Mercy" ("Unauthorized Album") and refrain from selling any further Unauthorized Albums. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of

paragraph 25, and on that basis denies each and every remaining allegation and characterization contained therein.

26. Answering paragraph 26, Defendant denies the allegations contained therein.

27. Answering paragraph 27 of the Complaint, Defendant denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF
### (For Declaratory Relief --
### Against Defendant)

28. Answering paragraph 28 of the Complaint, Defendant incorporates by reference his responses to paragraphs 1 through 27 as if set forth herein in full. Plaintiff specifically denies that this Honorable Court has subject matter jurisdiction over this claim for relief.

29. Answering paragraph 29 of the Complaint, Defendant admits an actual controversy has arisen and now exists between plaintiff and Defendant regarding the right to exploit the Recordings and underlying compositions, the parties' rights under the Music Services Agreement and Co-Publishing Agreement, and plaintiff's purported right to promote and sell the Unauthorized Album and the Recordings to the general public, but denies that Copyright Act jurisdiction applies and denies that the amount in controversy is sufficient to invoke the jurisdiction of this Honorable Court. Defendant lacks sufficient information and belief to admit or deny the remaining allegations and characterizations of paragraph 29, and on that basis denies each and every remaining allegation and characterization contained therein.

30. Answering paragraph 30 of the Complaint, Defendant admits the allegations contained therein.

31. Answering paragraph 31 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

32. Answering paragraph 32 of the Complaint, Defendant admits that a judicial declaration is necessary and appropriate at this time, but denies that this is the proper forum based on the lack of subject matter jurisdiction, and denies the remaining material allegations contained therein.

## PRAYER FOR RELIEF

33. Answering the prayer for relief, Defendant denies that Plaintiff is entitled to the relief sought therein and denies Plaintiff is entitled to any relief whatsoever.

34. As separate and distinct defenses, and without conceding that he bears the burden of proof as to any of these issues, Defendant asserts the following defenses.

## FIRST ADDITIONAL DEFENSE
### (Failure to State a Claim)

35. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

### (Failure To Timely Register Copyright)

36. Plaintiff's claims for relief and/or remedies are barred by plaintiff's failure to timely register copyrights in the works at issue.

## THIRD ADDITIONAL DEFENSE

### (Unclean Hands)

37. Plaintiff is barred by the doctrine of unclean hands from obtaining the relief it requests.

## FOURTH ADDITIONAL DEFENSE

### (Consent)

38. Plaintiff's claims and/or remedies are barred by the doctrine of consent.

## FIFTH ADDITIONAL DEFENSE

### (Rescission – Failure of Consideration and Fraud)

39. Plaintiff's claims and/or remedies are barred because the Music Services Agreement and the Co-Publishing Agreement were effectively and justifiably rescinded based on, inter alia, a failure of consideration and fraudulent misrepresentations by Plaintiff's predecessor.

## SIXTH ADDITIONAL DEFENSE

### (Unconscionability)

40. Plaintiff's claims and/or remedies are barred because the Music Services Agreement and the Co-Publishing Agreement are unconscionable.

## SEVENTH ADDITIONAL DEFENSE

### (Immunity for Pre-litigation Communications)

41. Defendant's communications in anticipation of litigation are absolutely privileged under Section 47 of the California Civil Code (and other applicable law) and Defendant is therefore immune from liability under plaintiff's first claim for relief.

## EIGHTH ADDITIONAL DEFENSE

### (Estoppel)

42. Plaintiff's claims and/or remedies are barred by the doctrine of estoppel.

## NINTH ADDITIONAL DEFENSE

### (Waiver)

43. Plaintiff's claims and/or remedies plaintiff seeks are barred by the doctrine of waiver.

## TENTH ADDITIONAL DEFENSE

### (Ratification)

44. Plaintiff ratified the conduct of which it complains.

## ELEVENTH ADDITIONAL DEFENSE

### (Lack Of Corporate Capacity)

45. Plaintiff does not have corporate capacity to assert the claims asserted in the Complaint.

## TWELFTH ADDITIONAL DEFENSE

### (Failure to Mitigate)

46. Without in any way admitting any of the allegations contained in the Complaint, and without admitting that plaintiff suffered any damages at all, plaintiff failed to take reasonable steps to mitigate those purported damages.

## THIRTEENTH ADDITIONAL DEFENSE

### (Statutes of Limitations)

47. Plaintiff's claims are barred by the applicable statutes of limitations, including (but not limited to) 17 U.S.C. 507 and California Code of Civil Procedure sections 337, 338, 339, 340 and 343.

## FOURTEENTH ADDITIONAL DEFENSE

### (Laches)

48. Plaintiff's claims are barred by the doctrine of laches.

Defendant reserves the right to assert additional defenses if discovery or Defendant's investigation or analysis reveal grounds for the assertion of the additional defenses, including without limitation defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## PRAYER

**WHEREFORE,** defendant Adam Lambert prays for Judgment as follows:

1. That plaintiff take nothing by way of his Complaint and that the Complaint be dismissed with prejudice;

2. That defendant be awarded his costs, disbursements and attorney's fees, to the full extent authorized by applicable law; and

3. For such other and further relief as the Court deems just and proper.

Dated: January 17, 2012

_____
Kevin S. Marks, Esq.
GANG, TYRE, RAMER & BROWN, INC.
Attorneys for Defendant
ADAM LAMBERT

## DEMAND FOR JURY TRIAL

Defendant Adam Lambert demands trial by jury of all issues in this case which are triable by jury.

Dated: January 17, 2012

*[signature]*

Kevin S. Marks, Esq.
GANG, TYRE, RAMER & BROWN, INC.
Attorneys for Defendant
ADAM LAMBERT